tained alcohol in excess of four per cent by volume."

 Appellant complains, in his amended motion for a new trial, of alleged jury misconduct; but said motion is not verified or supported by affidavit, therefore it is insufficient as a pleading and cannot be considered. 31 Tex.Jur. 298, Sec. 95; Yarborough v. State, 130 Tex.Cr.R. 315, 94 S.W.2d 179; Carruthers v. State, 143 Tex. Cr.R. 45, 156 S.W.2d 988; Boone v. State, 156 Tex.Cr.R. 327, 242 S.W.2d 380.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

On Motion for Rehearing

MORRISON, Presiding Judge.

Appellant for the first time on motion for rehearing raises the question of a variance between the information and the proof. The information charged that the whiskey was sold to one R. M. Barber, whereas the statement of facts shows the prosecuting witness to be named R. M. Barba. In Raven v. State, 149 Tex.Cr.App. 294, 193 S.W.2d 527, the contention was made that a variance existed when the indictment charged the injured party's name to be Gale Zoder and the proof showed it to be Gale Zoda. In that case we set forth the idem sonans rule applied in this Court and affirmed the conviction.

In our original opinion we disposed of appellant's formal bill of exception to the overruling of his motion for new trial alleging jury misconduct on the grounds that the same was not supported by affidavit.

Appellant now calls our attention to the motion for new trial, appearing elsewhere in the transcript, which does contain the affidavit of the juror J. J. James. We note, however, that the motion recites that "the court having heard the said motion *and the evidence thereon submitted* is of the opinion that the same should be refused." No statement of facts on the hearing on the motion for new trial accompanies the record; therefore, appellant has not perfected his bill of exception under Article 760e, Vernon's Ann.C.C.P., and we are in no position to pass upon the same. For all this record reveals, all of the jurors might have testified that no misconduct occurred.

The original opinion is reformed, and the appellant's motion for rehearing is overruled.

### Ex parte William L. BURNETT.

### No. 27424.

Court of Criminal Appeals of Texas.

Jan. 12, 1955.

No attorney on appeal.

Wesley Dice, State's Atty., Austin, for the State.

PER CURIAM.

This is an appeal from an order of the district court of Dallas County remanding relator to custody after a hearing in a habeas corpus proceeding.

No statement of facts is brought forward. The record before us shows that relator is legally restrained by the sheriff of Dallas County.

The judgment is affirmed.